MATTER OF K——

In SECTION 245 Proceedings

A-11487130

*Decided by Regional Commissioner April 1, 1960*

*Approved by Assistant Commissioner April 15, 1900*

Nonquota status, section 6, Act of September 22, 1959—Applicant under section 245 is eligible although not related to petitioner at time of arrival.

Spouse of alien admitted for permanent residence under Refugee Relief Act of 1953 qualifies for nonquota status under section 6 of Act of September 22, 1959 despite occurrence of marriage after both parties had arrived in the United States.

APPLICATION: Adjustment of status to permanent residence on basis of eligibility for nonquota status under section 6, Public Law 86–363.

## BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This case has been certified to the Regional Commissioner by the District Director, Hartford, who has approved the application.

The applicant is a twenty-nine year old married female, a native and citizen of Greece, who last entered the United States on June 12, 1958, as a visitor for pleasure.

On July 6, 1958, she married S——G——K——, a permanent resident alien who was admitted on November 5, 1956, under section 4(a)(3) of the Refugee Relief Act of 1953.

A visa petition filed by the applicant's husband to accord her third preference quota status under section 203(a)(3) of the Immigration and Nationality Act was approved on November 24, 1958.

The applicant applied for adjustment of status on September 30, 1959, to that of a permanent resident under section 245 of the Act, as amended, claiming that she was eligible for nonquota status under section 6 of Public Law 86–363.

Section 6 of the Act of September 22, 1959 (Public Law 86–363), reads as follows:

Notwithstanding the provisions of sections 3 and 20 of the Refugee Relief Act of 1953, as amended, special nonquota immigrant visas may be issued to aliens eligible to enter the United States for permanent residence under all the applicable provisions of the Immigration and Nationality Act: *Provided,*

That each such alien is found to be the beneficiary of a visa petition approved by the Attorney General pursuant to section 203(a) (2) and (3) and section 205 of the Immigration and Nationality Act prior to January 1, 1959, and such petition was filed by a person lawfully admitted into the United States under the provisions of the Refugee Relief Act of 1953, as amended: *Provided further*, That, upon his application for an immigrant visa, and for his admission into the United States, the alien is found to have retained his relationship to the petitioner, and status, as established in the approved petition.

All the prerequisites for nonquota status described in section 6 of the Act of September 22, 1959, *supra*, are present in this case. The applicant's husband was lawfully admitted for permanent residence under the provisions of the Refugee Relief Act of 1953. A visa petition in her behalf filed by her husband was approved under section 203(a)(3) prior to January 1, 1959, and at the time of her application for adjustment of status she was found to have retained her relationship to the petitioner, and status, as established in the approved petition.

The sole question before us is whether section 6 of the Act of September 22, 1959, was intended to benefit persons who were not related to the petitioner at the time he was admitted to the United States for permanent residence under the Refugee Relief Act of 1953. In this case the petitioner was single when he arrived in this country and did not marry the applicant until after he had been in the United States for over a year.

The wording of the statute is clear and unambiguous. In this instance if the applicant were outside the United States, she would clearly come within the scope of section 6 of the Act of September 22, 1959. We are satisfied that she was a *bona fide* nonimmigrant at the time of her last entry. We are satisfied there is nothing in the provision of section 6 of the Act of September 22, 1959, which would preclude the exercise of the benefits of the same section through proceedings under the provisions of section 245 of the Immigration and Nationality Act. Accordingly, it is held that the applicant is eligible for a special nonquota immigrant visa.

**Order:** It is ordered that the application for status as a permanent resident be granted.